1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

9   JAMES GARLAND WATERS,

10          Plaintiff,

11              v.

12

13   CAROLYN W. COLVIN,
14   Commissioner of Social Security,

15          Defendant.

16

No. 2:14-CV-00170-JTR

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

17          **BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF

18   No. 13, 15. Attorney Jeffrey Schwab represents James Garland Waters (Plaintiff);

19   Special Assistant United States Attorney Nicole Jabaily represents the

20   Commissioner of Social Security (Defendant). The parties have consented to

21   proceed before a magistrate judge. ECF No. 18. After reviewing the

22   administrative record and briefs filed by the parties, the Court **GRANTS**

23   Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for

24   Summary Judgment.

25                            **JURISDICTION**

26          Plaintiff filed an application for Disability Insurance Benefits (DIB) on June

27   23, 2011, alleging disability since February 1, 2011, due to lower back, neck,

28   knees, emotional, and skin impairments. Tr. 178, 182. The application was

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

denied initially and upon reconsideration.  Tr. 135-137, 140-141.  Administrative Law Judge (ALJ) R.J. Payne held a hearing on January 9, 2013, at which Plaintiff, represented by counsel, and medical expert (ME) Arthur Brovender, M.D., testified.  Tr. 51-95.  The ALJ issued an unfavorable decision on February 28, 2013.  Tr. 21-39.  The Appeals Council denied review on April 4, 2014.  Tr. 1-3.  The ALJ's February 28, 2013, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on June 3, 2014.  ECF No. 1, 3.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 52 years old at alleged onset date.  Tr. 169.  Plaintiff completed one year of college in 1977.  Tr. 183.  He reported that he stopped working because of his condition on February 1, 2011.  Tr. 182.  Plaintiff had a prior application that resulted in a closed period of eligibility from January 9, 2009, through January 3, 2011.  Tr. 100.  In this decision, the ALJ held that Plaintiff was capable of a full range of light work as of January 3, 2011.  Tr. 107.  The prior ALJ decision was appealed to the Appeals Council on June 8, 2011, but the closed period of benefits was upheld.  Tr. 23.

As for medical evidence, a review of the record shows that Plaintiff was being treated by and had his care managed through Rodney Crabtree, M.D., at Wenatchee Valley Clinic from May 2, 2011 to May 15, 2012.  Tr. 203-244, 303-304.  Plaintiff was also seeing chiropractor, J. Brian Addleman, D.C., from January 4, 2011, to July 20, 2011, for his low back pain.  Tr. 146-269.  In May and August of 2011, Plaintiff saw Orthopedic, Hank J. Vejvoda, M.D., who concluded that surgery would not help with Plaintiff's back pain and prescribed physical therapy.

Tr. 275-277.  Plaintiff attended 16 physical therapy sessions and discontinued treatment because "he felt he was not having good progress."  Tr. 290.  From June 2, 2011, to January 30, 2013, Plaintiff was treated for his mental health impairments by Mauvia Sorensen, ARNP.  Tr. 293-302, 306-316, 325, 331-340, 344.

At the hearing, Dr. Brovender testified that he agreed with the RFC provided by the DDS reviewing physician, Alnoor Virji, M.D.  Tr. 58.  Following the hearing, Plaintiff submitted medical records from his prior application to Dr. Brovender, who stated the records did not change his opinion.  Tr. 60-61, 341-342.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097.  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.

1  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

2  **SEQUENTIAL EVALUATION PROCESS**

3      The Commissioner has established a five-step sequential evaluation process

4  for determining whether a person is disabled.  20 C.F.R. § 404.1520(a); *see Bowen*

5  *v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of

6  proof rests upon claimants to establish a prima facie case of entitlement to

7  disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once

8  claimants establish that physical or mental impairments prevent them from

9  engaging in their previous occupations.  20 C.F.R. § 404.1520(a)(4).  If claimants

10  cannot do their past relevant work, the ALJ proceeds to step five, and the burden

11  shifts to the Commissioner to show that (1) the claimants can make an adjustment

12  to other work, and (2) specific jobs exist in the national economy which claimants

13  can perform.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194

14  (2004).  If claimants cannot make an adjustment to other work in the national

15  economy, a finding of "disabled" is made.  20 C.F.R. § 404.1520(a)(4)(v).

16  **ADMINISTRATIVE DECISION**

17      On February 28, 2013, the ALJ issued a decision finding Plaintiff was not

18  disabled as defined in the Social Security Act.

19      At step one, the ALJ found Plaintiff had not engaged in substantial gainful

20  activity since February 1, 2011, the alleged date of onset.  Tr. 25.

21      At step two, the ALJ determined Plaintiff had the following severe

22  impairments:  degenerative joint disease of the lumbar spine; degenerative disc

23  disease of the cervical spine; left shoulder impingement syndrome; and obesity.

24  Tr. 25.

25      At step three, the ALJ found Plaintiff did not have an impairment or

26  combination of impairments that met or medically equaled the severity of one of

27  the listed impairments.  Tr. 28.

28      At step four, the ALJ assessed Plaintiff's residual function capacity (RFC)

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

and determined he could perform light exertional work with the following limitations:

> [H]e could occasionally lift or carry up to 20 pounds and frequently up to 10 pounds; he could stand or walk for six hours in an eight hour day and sit for six hours in an eight hour day; he could frequently climb ramps or stairs, kneel, crouch, or crawl; he could occasionally stoop or climb ladders, ropes, or scaffolds; he could occasionally reach overhead with either upper extremity; and should avoid concentrated exposure to extreme heat or cold, vibration, and hazards.

Tr. 29. The ALJ concluded that Plaintiff was able to perform his past relevant work as a surveyor assistant. Tr. 34.

In the alternative to a step four denial, the ALJ also determined that, considering Plaintiff's age, education, work experience and RFC, and based on the Medical-Vocational Guidelines at 20 C.F.R. Part 404, Subpart P, Appendix 2, as a framework, a finding of "not disabled" was appropriate. Tr. 35. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from February 1, 2011, through the date of the ALJ's decision, February 28, 2013. Tr. 36.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to give proper weight to the opinion of Plaintiff's chiropractor; (2) failing to properly consider Plaintiff's testimony about the severity of his symptoms, (3) failing to fully and fairly develop the record; (4) failing to make sufficient findings of facts to support his step four determination; and (5) failing to meet his burden of proof at step five.

## DISCUSSION

### A.   Chiropractor's Opinion

Plaintiff asserts that the ALJ failed to give proper weight to the opinion of

Dr. Addleman, a chiropractor.  ECF No. 13 at 13-16.  The ALJ gave Dr. Addleman's opinion "little weight" for three reasons:  (1) he was a non-accepted medical source; (2) he was not familiar with the definition of "disability" contained in the Social Security Act and regulations; and (3) "he was basing his opinion off the claimant's report that he had been receiving disability for a prior closed period claim and had recently ended his receipt of benefits."  Tr. 31.

On January 4, 2011, Dr. Addleman noted that Plaintiff was on disability.  Tr. 246.  On January 28, 2011, following an acute exacerbation of low back symptoms, Dr. Addleman stated "I have advised no work and talked to the patient about disability relative to his current and past problems ie knees and musculoskeletal."  Tr. 251.  Six months later, on June 28, 2011, Dr. Addleman concluded that Plaintiff had "suffered an acute exacerbation of his chronic subluxation complex" due to stress and states, "[i]n my opinion, the patient's status is permanent causing disability relating to his musculoskeletal complaints.  I do not, and cannot see him returning to gainful employment on a partial, modified or full time basis."  Tr. 268.

Section 404.1513(a) of Title 20 C.F.R. requires evidence "from accepted medical sources to establish whether you have a medically determinable impairment."  "Accepted medical sources" include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists.  *Id.*  "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources.  20 C.F.R. § 404.1513(d).  While the ALJ is required to consider observations by "other sources" as to how an impairment affects a claimant's ability to work, *Id.*, the ALJ can disregard evidence from an "other source," by setting forth reasons "that are germane to each witness." *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996).

Dr. Addleman is a chiropractor.  20 C.F.R. § 404.1513(d)(1) specifically

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

lists chiropractors as a medical source that is considered an "other source." Therefore, the ALJ is only required to provide reasons that are germane to Dr. Addleman to reject his opinion.

The ALJ's first reason for rejecting Dr. Addleman's opinion, that he is not an acceptable medical source, is not, by itself, a sufficient reason. The ALJ is required to consider evidence supplied by lay witnesses. 20 C.F.R. § 404.1513(d). Therefore, the fact that someone is a lay witness alone is not a sufficient reason to reject the lay witness' opinion.

Second, the ALJ rejected Dr. Addleman's opinion because he was not familiar with the definition of "disability" contained in the Social Security Act and regulations. Tr. 31. Pursuant to 20 C.F.R. § 404.1527(c), a medical source's understanding of Social Security's disability programs and the evidentiary requirements is a potential factor to be considered when weighing the opinion of an acceptable medical source. S.S.R. 06-03p has extended the factors set forth in 20 C.F.R. § 404.1527(c) to weighing the opinions from "other sources."[1] Thus, a lack of understanding of the Social Security Act and regulations is an acceptable reason to reject an opinion from an "other source." Nonetheless, the record is void of any reference to Dr. Addleman's understanding of Social Security Act and regulations. It appears the ALJ assumed Dr. Addleman lacked an understanding.

Defendant argues that this case is similar to *Orteza v. Shalala*, 50 F.3d 748 (9th Cir. 1995) in urging the Court to conclude that based Dr. Addleman's use of

---

[1]S.S.R. 06-03p extends the factors set forth in 20 C.F.R. § 404.1527(d) to opinions from "other sources," but at the time of the S.S.R.'s publication, August 9, 2006, 20 C.F.R. § 404.1527(d) read as the present's 20 C.F.R. § 404.1527(c). *See* 20 C.F.R. § 404.1527 (2006) (Effective August 1, 2006, to November 11, 2010).

the word "disabled" it is clear he did not mean the term as it is defined by the Social Security Act and regulations.   ECF No. 15 at 6.  The Court in *Orteza*, concluded that because the doctor made no reference to the technical requirements of sedentary work as defined in 20 C.F.R. § 404.1567, it could not conclude that his limitation to a "sedentary type job" equaled a limitation to "sedentary work." *Orteza*, 50 F.3d at 750.  In this case, Dr. Addleman concluded that Plaintiff's impairment was "permanent causing disability relating to his musculoskeletal complaints."  Tr. 268.  He further opined that he could not "see [Plaintiff] returning to gainful employment on a partial, modified or full time basis."  *Id*.  The inability to sustain work activity is consistent with a finding of disability under the Social Security Act and regulations.  42 U.S.C. § 423(d)(1) (the term disability means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months); 20 C.F.R. § 404.1512(a) (in evaluating whether a claimant satisfies the disability criteria, the Commissioner must evaluate a claimant's "ability to work on a sustained basis"); S.S.R. 96–8p (in evaluating a claimant's RFC, the ALJ's assessment must consider an individual's ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis.  A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule").  Therefore, this case is distinguishable from *Orteza* as Dr. Addleman's opinion regarding "disability" is consistent with Social Security's technical definition of "disability."  As such, the ALJ's second reason is not supported by substantial evidence and, therefore, not a sufficient reason to reject Dr. Addleman's "other source" opinion.

Third, the ALJ concluded that Dr. Addleman based his opinion "off the claimant's report that he had been receiving disability for a prior closed period claim and had recently ended his receipt of benefits."  Tr. 31.  The record is

sufficient to support the conclusion that Dr. Addleman relied on claimant's report of past disability benefits.  Dr. Addleman states in his records that he discussed both the prior and current disability applications with Plaintiff.  Tr. 251.  Therefore, the ALJ's third and final reason for rejecting Dr. Addleman's opinion is sufficient.

The ALJ need only supply a reason that is germane to Dr. Addleman. *Nguyen,* 100 F.3d at 1467.  As such, the ALJ did not error in rejecting Dr. Addleman's opinion.

## B.    Credibility

Plaintiff contests the ALJ's adverse credibility determination in this case. ECF No. 13 at 16-22.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad,* 903 F.2d at 1231.  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834 "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of his symptoms.  Tr. 30.  The ALJ reasoned that Plaintiff was less than fully credible because (1) the objective medical evidence did not support the level of limitation claimed, (2) Plaintiff made inconsistent statements regarding his ability to work, and (3) Plaintiff's activities of daily living were inconsistent with the alleged severity of his symptoms.  Tr. 30, 33-34.

### 1.    Objective Medical Evidence

The ALJ first concluded that the objective medical evidence did not support the level of limitation claimed by Plaintiff.  Tr. 30.

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's testimony. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But, the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Lester*, 81 F.3d at 834.

In his decision, the ALJ summarized Plaintiff's statements regarding his functional ability. Tr. 30. The ALJ then summarized the objective medical evidence in the record. Tr. 30-33. Finally, the ALJ concluded that Plaintiff's "testimony at the hearing did not always reflect what the medical evidence indicate[d]." Tr. 34.

Plaintiff asserts that the ALJ's conclusion that the objective medical evidence was inconsistent with Plaintiff's testimony is vague. ECF No. 13 at 19. The Court finds that the ALJ could have been more specific in stating what testimony was considered inconsistent with what medical evidence, but that any error resulting from this lack of specificity is harmless because there are an additional two reasons that ALJ found Plaintiff to be less then fully credible that meet the clear and convincing standard. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding adverse credibility finding where the ALJ provided four reasons to discredit claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming credibility finding where one of several reasons was unsupported by the record).

## 2.    Inconsistent Statements

The ALJ's second reason for finding Plaintiff less than fully credible, that his statements regarding his performance of work are inconsistent, is a clear and convincing reason to reject his testimony.

In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering a claimant's reputation for truthfulness and inconsistencies in a claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676,

680 (9th Cir. 2005).  In his decision, the ALJ specifically set forth Plaintiff's statements regarding his ability to work:

> The claimant testified he could not return to work and indicated he tried to work for his brother at the family orchard, but could not (Ex. B13E). …
>
> However, in July 2011, the claimant told Mauvia Sorensen, ARNP, that he *was* "currently working for his family's orchard" (Ex.  B3F, p. 2).  In September 2011, the claimant reported he was *trying to work* "as much as he" could at his brother's orchard, *supervising* the laborers, and being productive (Ex.  B6F, p. 3).  He stated he could only tolerate this for a "few minutes" (Ex.  B6F, p. 3).  Yet, in November 2011, the claimant reported to Ms. Sorensen "*he has been able to work for his brother on his orchard which has helped him make a little money and make him feel productive*" (Ex.  B6F, p. 2).

Tr. 33.

A review of the record shows that on July 20, 2011, Ms. Sorensen listed Plaintiff's occupation as "[c]urrently working for his family's orchard."  Tr. 271.  On September 9, 2011, Plaintiff told Ms. Sorensen that "he is trying to work as much as he can and his brother[']s orchard walking around and supervising the laborers. The patient reports that he can only tolerate this for a few minutes, but it helps him feel like he is doing something productive."  Tr. 295.  On November 3, 2011, Plaintiff reported to Ms. Sorensen that "he has been able to work for his brother on his orchard which has helped him make a little money and feel productive."  Tr. 294.

At the January 9, 2013, hearing, Plaintiff testified that his brother offered him a job at his pear orchard performing "the two simplest tasks he could have me do, I couldn't do it.  My back would seize up and I couldn't walk on that uneven ground because of my knees. And it just didn't work out."  Tr. 82.  He further testified that he performed this job for about an hour and a half on one day.  *Id*.  He then went on to testify that he tried grafting trees in July of 2011 and that did not

ORDER GRANTING DEFENDANT'S MOTION . . . - 11

work due to the activity requiring him to bend his back at a forty-five degree angle. Tr. 82-83. Then he testified that during the 2011 harvest, he tried completing orchard bends, but again was not able to because of his back being at a forty-five degree angle during the activity. *Id.*

Plaintiff challenges the ALJ's determination that his statements were inconsistent by arguing that the November 2011 statement makes no reference to the duration of the work and is therefore not contradictory to past statements. ECF No. 13 at 18. However, there does appear to be a difference in the quantity of work performed between the statements to Ms. Sorenson and Plaintiff's testimony. As such, there is evidence to support the ALJ's determination. If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Therefore, the Court will not disturb this determination. The ALJ's finding that Plaintiff made inconsistent statements regarding his ability to work is a clear and convincing reason supported by substantial evidence to find Plaintiff less than fully credible.

### 3.    Activities of Daily Living

The ALJ's third reason for finding Plaintiff less than fully credible, that Plaintiff's activities were inconsistent with his alleged limitations, Tr. 34, is a specific, clear, and convincing reason to undermine Plaintiff's credibility.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

In his decision, the ALJ summarized Plaintiff's statements regarding the severity of his symptoms, including the inability to walk more than 45 minutes at a time, the limited mobility in his back, the inability to wash dishes or perform household chores, the need to change positions every 20-30 minutes, the inability

to climb stairs, and the difficulty getting out of a chair.  Tr. 30.  The ALJ then noted that Plaintiff reported being able to walk five miles a day, go to the gym multiple times a week, drive around town, drive to Seattle, prepare to travel to Mexico, and spend hours at a friend's bar.  Tr. 34.  Additionally, the ALJ noted that no one in the record encouraged Plaintiff to decrease physical activity; instead, he was encouraged to increase physical activity.  *Id*.  The ALJ concluded that "the frequency and severity of the physical symptoms the claimant testified to [were] not supported by the record evidence including his own admissions to various providers throughout the record."  *Id*.  This finding is fully supported by the evidence of record.

The ALJ provided specifics for determining that the reported ADLs contradicted his testimony; therefore, this is a clear and convincing reason to reject claimant's testimony.

Based on the forgoing, the Court finds the ALJ provided clear and convincing reasons for finding Plaintiff less than fully credible in this case.

**C.    Develop the Record**

Plaintiff asserts that the ALJ failed to develop the record by not sending Plaintiff for a psychological consultative examination before concluding Plaintiff did not have a severe mental health impairment.  ECF No. 13 at 22.

The ALJ has "a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."  *Smolen*, 80 F.3d at 1288.  This duty exists even when the claimant is represented by counsel.  *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).  Despite the duty to develop the record, it remains the claimant's burden to prove that he is disabled.  42 U.S.C. § 423(d)(5)(A).  "An ALJ's duty to develop the record . . . is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."  *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001).  "One of the means available to an ALJ to supplement an inadequate

medical record is to order a consultative examination." *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

At step two, the ALJ determined that Plaintiff did not have a severe mental health impairment. Tr. 26-28. In forming this determination, the ALJ discussed Plaintiff's mental health records. Tr. 26-28. The ALJ made repeated references to the medical records, including records from Nurse Practitioner Sorensen from Wenatchee Behavioral Medicine and Plaintiff's treating physician, Dr. Crabtree.

Plaintiff does not allege that the evidence is ambiguous. He only alleges that the evidence is insufficient to come to a determination. ECF No. 13 at 22. Considering the extent of the ALJ's discussion of Plaintiff's mental health impairments and the records in the file, especially those from Wenatchee Behavioral Medicine dated from July 20, 2011, to January 30, 2013, the ALJ had sufficient evidence to come to a conclusion regarding Plaintiff's mental health impairments. *Fair,* 885 F.2d at 603 ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation . . . and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision".). Therefore, the ALJ's duty to develop the record was not triggered. There was no error in the ALJ's decision that Plaintiff's mental health impairment was not severe without first sending him to a consultative examination.

**D. Step Four**

Plaintiff asserts that the ALJ erred at step four by (1) failing to form an accurate RFC, specifically noting that the ALJ failed to include the limitations set forth by Dr. Addleman, (2) failing to identify the specific demands of Plaintiff's past relevant work, and (3) failing to properly compare the specific demands of Plaintiff's past relevant work with the RFC. ECF No. 13 at 23-25.

At Step Four, the claimant has the burden of showing that he can no longer perform his past relevant work. *Pinto v. Massanari,* 249 F.3d 840, 845 (9th Cir. 2001); *Webb v. Barnhart,* 433 F.3d 683, 686 (9th Cir. 2005). "To determine

ORDER GRANTING DEFENDANT'S MOTION . . . - 14

whether a claimant has the [RFC] to perform his past relevant work, the [ALJ] must ascertain the demands of the claimant's former work and then compare the demands with his present capacity." *Villa v. Heckler,* 797 F.2d 794, 797–798 (9th Cir. 1986); *Marcia v. Sullivan,* 900 F.2d 172, 177 n.6 (9th Cir. 1990). A claimant is not disabled under the Social Security Act if he can perform (1) a specific prior job as "actually performed," or (2) the same kind of work as it is "generally performed" in the national economy. *Pinto,* 249 F.3d at 845 (citing S.S.R. 82–61[2]). A claimant's ability to do either is sufficient to deny the claim at step four, and the ALJ is not required to address both. *Pinto,* 249 F.3d at 845. A claimant's testimony and/or a properly completed vocational report are appropriate sources for defining past work as actually performed. *Pinto,* 249 F.3d at 845; S.S.R. 82–41; S.S.R. 82–61.

In the decision, the ALJ set forth an RFC based on the medical evidence in the file. Tr. 29. As discussed above, the ALJ gave a proper reason for rejecting the opinion of Dr. Addleman. Then, the ALJ summarized the demands of Plaintiff's work as a Survey Party Chief from 2006 to 2009. Tr. 34-35. Then, the ALJ stated that "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed." Tr. 35. A review of Plaintiff's Work

---

[2]Although they do not carry the "force of law," Social Security Rulings are binding on ALJs. *See* 20 C.F.R. § 402.35(b) (1); *Bray,* 554 F.3d at 1224. Such rulings "reflect the official interpretation of the [Social Security Administration] and are entitled to some deference as long as they are consistent with the Social Security Act and regulations." *Molina v. Astrue,* 674 F.3d 1104, 1113 n.5 (9th Cir. 2012) (citations and internal quotation marks omitted); *see also Heckler v. Edwards,* 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security Rulings).

ORDER GRANTING DEFENDANT'S MOTION . . . - 15

History Report shows he worked as a Survey Party Chief from 2006 to 2009.  Tr. 217.  During this time he did not exceed the RFC set forth by the ALJ:  he climbed half an hour a day; he stooped one hour a day; and he did zero reaching.  Tr. 219. The ALJ made all the necessary factual findings at step four.  His determination is free from legal error.

Plaintiff alleges that the ALJ failed to consider the exposure to extreme temperatures as a requirement of his past relevant work as a Survey Party Chief. ECF No. 13 at 25.  The ALJ made his determination based on a properly completed work history report.  The burden of proof at step four is with Plaintiff, and Plaintiff did not present evidence of extreme temperatures being a part of his Survey Party Chief position.  Therefore, this challenge is without merit.

**E.    Step Five**

The ALJ made an alternative determination at step five based on the Medical-Vocational Rules as a framework.  Tr. 35-36.  Plaintiff asserts that the ALJ erred at step five by not calling a vocational expert (VE) to testify about jobs that exist in the national economy and thus failed to meet his burden of proof.  ECF No. 13 at 25-26.

The Ninth Circuit has held that when the ALJ determines that the claimant can perform his past relevant work, it unnecessary for the ALJ to call a VE at step five.  *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996).  If a claimant is found to be able to do his past relevant work, this is no need to proceed to step five.  *Id*. Furthermore, with a step four determination that a claimant can perform past relevant work, which is supported by substantial evidence and free of error, any error made at step five would be considered harmless error.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

Therefore the ALJ did not error in his alternative step five determination.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED January 19, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE